UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABC,<br><br>Plaintiff(s),<br><br>v.<br><br>DEF,<br><br>Defendant(s). | 26-MC-274 (DEH)<br><br>ORDER |

DALE E. HO, United States District Judge:

Plaintiff has moved for leave to file certain documents under temporary seal.  ECF No. 1. Plaintiff also seeks an ex parte Temporary Restraining Order (1) enjoining the sale of products subject to the Plaintiff's patent, (2) restraining funds reasonably traceable to accused sales of the products, (3) authorizing expedited discovery, and (4) authorizing alternative electronic service. For the following reasons, Plaintiff's application for an ex parte Temporary Restraining Order is **DENIED without prejudice to re-pleading**.  Plaintiff's request for leave to file certain documents under temporary seal is **GRANTED provisionally**.

### Application for Ex Parte Temporary Restraining Order

In order to obtain preliminary relief, "a plaintiff must make more than a prima facie showing of jurisdiction, and must instead demonstrate a reasonable probability of ultimate success on the issue of personal jurisdiction." *Alibaba Grp. Holding Ltd. v. Alibabacoin Found.*, No. 18 Civ. 2897, 2018 WL 2022626, at *2 (S.D.N.Y. Apr. 30, 2018) (internal quotation marks omitted).

Here, Plaintiff has failed to adequately plead personal jurisdiction.  The Complaint alleges that "[t]his Court has personal jurisdiction over Defendants because they: (a) purposefully direct commercial activities to New York residents; (b) operate interactive online

stores offering infringing products for sale to New York consumers; and (c) commit tortious acts causing harm in this District."  ECF No. 1-5 ¶ 11 ("Compl.")  The Complaint further alleges that "[u]pon information and belief, Defendants have completed sales of accused products to customers located in New York and elsewhere in the United States through interactive online marketplaces that permit direct purchases, payment processing, and shipment into this District."  *Id.* ¶ 12.

Under New York Civil Practice Law and Rule § 302(a)(1), a court may exercise personal jurisdiction over any non-domiciliary who "transacts any business within the state or contracts anywhere to supply goods or services in the state."  N.Y. C.P.L.R. § 302(a)(1).  "[W]hile § 302(a)(1) does not require a shipment, it does require a transaction, such as . . . the payment of money to the defendant by a New York resident in exchange for the defendant's contractual promise to ship the allegedly infringing goods to New York.  Thus, merely maintaining a website—even a highly interactive e-commerce website—through which the defendant offer[s] a product outside New York for sale in New York, is insufficient under § 302(a)(1)."  *Off-White LLC v. A&S Store, et al.*, No. 22 Civ. 2869, 2025 WL 4660796, at *6-7 (S.D.N.Y. Dec. 30, 2025) (internal quotation marks and citations omitted); *cf Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 170-71 (2d Cir. 2010) (finding a highly interactive website sufficient, but noting there were fifty-two actual transactions where merchandise was shipped to New York); *see also Moose Toys Ltd v. Baby&Mommy K-ingdom Toy Store*, No. 21 Civ. 2370, 2025 WL 3466662, at *7 (S.D.N.Y. Sep. 19, 2025) ("personal jurisdiction is not proper under § 302(a)(1)" where defendants "listed products for sale on a third-party e-commerce platform, and customers are able to advance to a checkout page and input a New York shipping address . . . but Plaintiffs do not plead that they or anyone else completed a transaction for the allegedly infringing goods").

Plaintiff has not alleged facts regarding personal jurisdiction beyond: (1) the availability of online marketplaces to consumers in New York, and (2) the existence of New York sales based on information and belief.  The former is insufficient to establish personal jurisdiction, for the reasons stated above.  As for the latter, such conclusory pleadings are insufficient.  *Cf. Knapp v. Maron*, No. 14 Civ. 10121, 2016 WL 2851563, at *2 (S.D.N.Y. May 12, 2016) ("Conclusory pleadings on information and belief are inadequate as a matter of law to survive a motion to dismiss.") (internal quotation marks omitted); *see also Alibaba Grp. Holding Ltd. v. Alibabacoin Foundation*, 2018 WL 2022626, at *4 (S.D.N.Y. Apr. 30, 2018) (no evidence that a single sale of Alibabacoin occurred in New York or that the majority of visitors to the site were based in New York so as to establish a reasonable probability that at least one New York sale had occurred).

Accordingly, Plaintiff's request for an ex parte Temporary Restraining Order must be denied.  The Court hereby **DENIES** Plaintiff's application for an ex parte Temporary Restraining Order without prejudice as to re-pleading.

### Leave to File Documents Under Temporary Seal

Plaintiff has moved to file documents in connection with the application for ex parte Temporary Restraining Order under temporary seal based on the argument that public filing of the documents "would provide Defendants with immediate notice of this action," thereby enabling them to dissipate assets.  ECF No. 1.  Because of the deficiencies in Plaintiff's allegations of personal jurisdiction, discussed *supra*, the Court reserves judgment on this issue, while noting that conclusory assertions of possible asset dissipation, without more, are unlikely to be sufficient to justify ex parte relief.  Nevertheless, the Court provisionally **GRANTS** Plaintiff's motion for leave to file documents under temporary seal pending adjudication of a re-briefed Motion for ex parte Temporary Restraining Order and a renewed sealing request.

\*        \*        \*

For the aforementioned reasons:

Plaintiff's Motion for ex parte Temporary Restraining Order is **DENIED without prejudice as to re-briefing**.

Plaintiff's Motion for Leave to file documents under seal is **provisionally GRANTED** pending adjudication of a re-briefed Motion for ex parte Temporary Restraining Order.

The Clerk of Court is respectfully directed to terminate ECF No. 1.

SO ORDERED.

Dated: June 5, 2026
      New York, New York

DALE E. HO
United States District Judge
